**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
　E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387
　E-Mail: abluth@singletonschreiber.com
TYSON B. GAMBLE, SB# 266677
　E-Mail: tgamble@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343
　E-Mail: jternieden@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

**LAW OFFICES OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792
3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MASRY, an individual; ELLIOT MASS, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LOWE'S COMPANIES, INC. a North Carolina corporation; LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | No. 3:24-cv-00750-CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed: 11/21/2023<br><br>Date:　　September 13, 2024<br>Time:　　10:00 a.m.<br>Courtroom:　6 |

1

PLEASE TAKE NOTICE that on September 13, 2024, at 10:00 a.m. in Department 6, 17th Floor of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs OMAR MASRY and ELLIOT MASS ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, will move to remand this action to state court, pursuant to 28 U.S.C. § 1447.

Plaintiffs seek remand on the basis that Defendants LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, LLC. (collectively "Defendants" or "Lowe's") have failed to meet their burden to show that this Court has federal subject matter jurisdiction over this case under Article III of the United States Constitution.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings, files, and records in this action, and such additional evidence and argument as may be presented to the Court.

Dated: August 6, 2024                    SINGLETON SCHREIBER, LLP

                                         By: /s/ Andrew D. Bluth
                                              Andrew D. Bluth
                                              Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Lowe's removed this action from California state court pursuant to the Class Action Fairness Act of 2005 ("CAFA") (See Notice of Removal, Dkt. No. 1). The Notice of Removal contains no allegations regarding Plaintiffs' standing or any allegation of concrete harm suffered by Plaintiffs. As the removing party, Lowe's bears the burden of demonstrating this Court's jurisdiction. However, Lowe's has not—and cannot—meet its threshold burden to establish Article III standing.

Plaintiffs are California residents who originally brought two causes of action against Lowe's under California Civil Code § 1670.8 ("Section 1670.8") and Business and Professions Code section 17200, et. seq. Lowe's filed a motion to dismiss Plaintiffs' complaint on March 13, 2024. (See, Dkt. 19). Plaintiffs' opposed Lowe's motion and subsequently filed a Notice of Supplemental Authority on June 3, 2024—prior to the Court's ruling. (See, Dkt. 28). The Notice of Supplemental Authority was a decision issued by U.S. District Judge Maxine M. Chesney of this Court remanding an action asserting similar claims under California Civil Code § 1670.8 to state court. On June 28, 2024, the Court issued an Order denying Defendants' motion to dismiss for lack of personal jurisdiction and Defendants' motion to transfer. The Court granted Defendants' motion to dismiss for failure to state a claim and allowed Plaintiffs leave to amend their complaint. (See, Dkt. 30).

Plaintiffs filed their First Amended Complaint ("FAC") on July 19, 2024. (See, Dkt. 31). Plaintiffs' FAC asserts only a single cause of action against Lowe's under California Civil Code § 1670.8. The FAC alleges, in its single cause of action, that Defendants have violated Section 1670.8 by requiring consumers, through Defendants' Terms and Conditions of Use ("Terms"), to waive the consumers' speech rights (and the right of all Californians to hear those statements). Specifically, as alleged, Defendants' Terms restrict Plaintiffs' right to make "any statement" about Lowe's or its products, services, or employees. Plaintiffs pled all necessary

allegations to pursue their claims against Defendants in state court, and there is no question that the state court can adjudicate Plaintiffs' claims by assessing civil penalties (as expressly set forth in 1670.8), voiding the unlawful provisions of the Terms, and issuing public injunctive or other relief. This is the precise relief Plaintiffs seek in this action. California law defines "civil penalties" as an award of money that is not tethered to damages; an express purpose of a civil penalty is to punish a defendant or discourage a defendant from committing violations in the future.

While Plaintiffs' allegations meet the criteria for filing such an action in their chosen venue in State Superior Court, Article III standing requirements to trigger federal court jurisdiction are distinctly and qualitatively different. Whereas California has only a general standing requirement that the plaintiff be a "real party in interest," federal Article III standing requires more to establish standing, for instance, an injury in fact or an imminent threat to free speech. Cal. Civ. Proc. Code § 367. *See also, Limon v. Circle K Stores Inc.*, 84 Cal. App. 5th 671, 690 (2022), review denied (Jan. 25, 2023); *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010).

Defendants, as the removing parties, have not met their burden to establish Article III jurisdiction, thus requiring remand to state court. Indeed, as noted above and discussed in more detail below, in a nearly identical case to the instant action, Judge Chesney in the Northern District of California recently remanded a substantially similar civil penalty case specifically alleging violations of Section 1670.8 for lack of subject matter jurisdiction. Judge Chesney determined that, due to removing defendants' inability to show that the Federal Court had Article III standing, the action must be remanded. [See Dkt. No. 28, Plaintiffs' Notice of Supplemental Authority, Ex. A, May 22, 2024 Order].

For the same reasons stated in Judge Chesney's Order, and as set forth herein, Defendants' failure to meet their burden to set forth a proper basis in their Notice of Removal for this Court to exercise Article III standing. Plaintiffs respectfully request that this action be remanded back to California Superior Court.

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

On November 21, 2023, Plaintiffs OMAR MASRY and ELLIOT MASS filed their putative class action complaint against Defendants in the Superior Court of the State of California, County of Alameda (Case No. 23CV057098) alleging violations of California Civil Code section 1670.8, and California Business & Professions Code Sections 17200 *et seq*.

In response, on February 7, 2024, Defendants filed their Notice of Removal, under 28 U.S.C. § 1441 and 1446, contending that this court has jurisdiction over the cases under 28 U.S.C. § 1332(d)(2) [Dkt. No. 1].

On March 13, 2024, Defendants filed their Motion to Dismiss. On June 28, 2024, the Court granted the Defendants' Motion to Dismiss with leave to amend [Dkt. No. 30]. On July 19, 2024, Plaintiffs filed their First Amended Class Action Complaint [Dkt. No. 31]. The First Amended Complaint removed the claim under California's UCL, and now alleges a single cause of action for violation of California Civil Code section 1670.8. On August 8, 2024, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. No 31].

Plaintiffs now seek to remand this case back to California Superior Court on the basis that Defendants have not carried their burden, as the removing parties, to establish Article III jurisdiction in a case that is plead to assess and to collect civil penalties.[1]

## III.   ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute […]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The federal courts are under an independent

---

[1] Given the jurisdictional challenge presented by this Motion, Plaintiffs believe it is proper and more efficient for the Court to first determine whether it has jurisdiction, prior to ruling on Defendants' Motion to Dismiss.  Counsel for Plaintiffs expects to file a Request for Status conference to determine the proper ordering of these two motions, after further meet and confer with Defendants' counsel.

obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." See, *United States v. Hays*, 515 U.S. 737, 742 (1995) (internal quotation marks and citation omitted). The issue of federal subject matter jurisdiction is not waivable and can be raised at any time. *See, id*., at 742.

Where a "district court lacks subject matter jurisdiction," it "must remand the case to state court," See, *Polo v. Innoventions Int'l*., 833 F.3d 1193, 1196 (9th Cir. 2016) (holding "failure of federal subject-matter jurisdiction means . . . federal courts have no power to adjudicate the matter") (emphasis and internal citations omitted). The defendant, as the removing party, bears "the burden of establishing federal jurisdiction," see *Emrich v. Touche Ross & Co*., 846. F.2d 1190, 1195 (9th Cir. 1988) (citation omitted).

Here, as set forth below, the Court must remand for lack of subject matter jurisdiction for two reasons: (1) Defendants have not met their burden demonstrating Article III standing, and (2) Plaintiffs have not alleged facts which support a finding of Article III standing.

### a. Lowe's Has Failed to Meet Its Burden of Proving Jurisdiction

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The burden of overcoming the "strong presumption" against removal is always on the removing party. *Id*.

"Defendant's burden for the purposes of removal is one of 'actually proving the facts to support jurisdiction,' or presenting 'proof to a reasonable probability that jurisdiction exists.'" *Cad/Cam Publ'g, Inc. v. Archer*, No. 00-2413-IEG CGA, 2001 WL 274555, at *1 (S.D. Cal. Feb. 28, 2001), *quoting Gaus*, 980 F.2d at 567. A party

seeking removal has the "burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion" of the basis for federal jurisdiction. *Gaus*, 980 F.2d at 567 (emphasis added).

Here, Defendants' Notice of Removal was based on their argument that the Court has original jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act. To support their removal, Defendants assert that this putative class action is removable because (1) the number of members of all proposed plaintiff classes is more than 100; (2) there is minimal diversity; and (3) the amount in controversy exceeds the jurisdictional threshold [Dkt. No. 1].

More specifically, Defendants' Notice of Removal, based solely on CAFA, asserts that, per the original state court complaint in this action, Plaintiffs have alleged there are at least 100 putative class members [Dkt. No. 1 at ¶ 13]. Defendants also contend that the parties are minimally diverse, because Lowe's is incorporated in North Carolina, with its principal place of business in North Carolina, whereas Plaintiffs each reside in California [Dkt. No. 1 at ¶¶ 14-18]. Finally, Defendants assert that the types of "damages" at issue here would far exceed the $75,000 threshold if multiplied by each of the putative class members [Dkt. No. 1 at ¶ 19-22].

Defendants also summarily state, without any elaboration, that all other requirements for jurisdiction are satisfied. However, although Defendants provided an analysis of why this Court would have diversity jurisdiction, they provide no analysis regarding whether Plaintiffs' claims meet the standing requirements of Article III. In fact, Plaintiffs have not alleged any facts that would meet the constitutional minimum for standing under Article III, and this court therefore has no subject-matter jurisdiction and must remand.

### b.   This Action Does Not Meet the Constitutional Minimum for Standing

In order to meet the constitutional minimum of standing in federal court, three elements must be met: (1) an injury in fact; (2) causation; and (3) a likelihood that

the favorable decision will redress the plaintiff's alleged injury. *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To meet the element of an "injury in fact" a party must plead an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lopez, supra,* 630 F.3d at 785 (internal quotations and citation omitted).

Plaintiffs' FAC complaint alleges, and Plaintiffs continue to believe, that contractual provisions that stifle speech are harmful to Plaintiffs and all Californians. However, Defendants' silence on standing requirements in their Notice of Removal suggests Defendants have not met their burden here. In a case such as this one, where a consumer protection statute seeks to protect consumers' speech rights, other cases regarding the enforcement of speech rights are instructive. As the Ninth Circuit has explained in *Lopez, supra,* a Plaintiff seeking to enforce speech rights does not have Article III standing unless under imminent threat of enforcement. Lowe's has not demonstrated this and Plaintiffs do not see where Defendants have otherwise met their burden.

Allegations of a defendant's violation of a statute, alone, does not "automatically satisf[y] the injury-in-fact requirement." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). In order to sue a defendant over a statutory violation in federal court, a Defendant must carry its burden of establishing jurisdiction by proving that plaintiff must "have been *concretely harmed* by a defendant's statutory violation." *See Id*. at 427 (emphasis in original).

Here, Plaintiffs have alleged that Defendants violated California Civil Code section 1670.8. Section 1670.8(a)(1) specifically makes unlawful "[a] contract or proposed contract for the sale or lease of consumer goods or services" that includes "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Plaintiffs allege that Lowe's Terms governing visitors' use of its Website contains such a

provision, and that Plaintiffs became subject to the Terms when they visited, used, and actually completed sales transactions through the www.lowes.com web pages. (See, Dkt. No. 31, Plaintiffs' FAC ¶¶ 1, 16-21, 28, and 31). Imminent enforcement or threat of enforcement is not a necessary element of a Section 1670.8 violation. Accordingly, under the standard set forth in *Lopez,* such allegations do not rise to the level to confer Article III standing, and thus Plaintiffs' claims—plead to meet state court pleading standards, must be adjudicated in state court. *See also TransUnion LLC,* 594 U.S. at 426 *(*allegations of a defendant's violation of a statute, alone, do not "automatically satisf[y] the injury-in-fact requirement.")

This is the precise conclusion reached just two months ago by this court in a nearly identical case involving Section 1670.8. In that case, *Pullbrook v. Nationwide,* Judge Chesney stated in her *sua sponte* order "there is nothing in the record before the Court to support a finding that plaintiffs have suffered, or are in danger of suffering, a concrete injury sufficient to confer Article III standing" [Dkt. No. 28, Ex. A at p.4]. Since Defendants here, just like the Defendant in the *Nationwide* case in front of Judge Chesney, have not met their obligation to establish an Article III standing, this Court does not have subject matter jurisdiction over this action.

This is especially true here, where Lowe's has filed a Motion to Dismiss the First Amended Complaint [Dkt. No. 32] on the basis that there is no allegation in the FAC that Defendants either threatened or sought to enforce a provision of their Terms that violations section 1670.8. See Dkt. No. 32 at 7:13-8:28. Thus, by Lowe's own admissions, if there was no threat to enforce the unlawful terms, then there is no imminent threat to the protected speech right, and, in turn, no Article III standing. *Lopez, supra,* 630 F.3d at 785.

  **c.**  **Remand Is Appropriate in This Case**

When a district court determines that it does not have Article III jurisdiction, "the district court generally *must* remand the case to state court, rather than dismiss it." *Polo*, 833 F.3d at 1196 (emphasis in original), *citing Bruns v. Nat'l Credit Union*

*Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id.*, *citing ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

"The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo*, 833 F.3d at 1196, citing § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except ... section 1447(d)....").

Here, the proper procedure is to remand the case back to state court. Although Plaintiffs have not alleged facts sufficient to meet the Article III standing requirements, the requirements to bring an action in California court are less stringent, and the California Legislature has specifically provided consumers the right to pursue the very violations at issue here.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this court remand this action back to the state court.

Dated:  August 6, 2024                                    SINGLETON SCHREIBER, LLP

By: */s/ Andrew D. Bluth*
    Andrew D. Bluth
    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Andrew D. Bluth, hereby certify that on August 6, 2024, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Andrew D. Bluth*
Andrew D. Bluth