**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
  E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387
  E-Mail: abluth@singletonschreiber.com
TYSON B. GAMBLE, SB# 266677
  E-Mail: tgamble@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343
  E-Mail: jternieden@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

**LAW OFFICES OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792
3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MASRY, an individual; ELLIOT MASS, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LOWE'S COMPANIES, INC. a North Carolina corporation; LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 3:24-cv-00750<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447**<br><br>DATE: September 13, 2024<br>TIME: 10:00 AM<br>CTRM: 6 – 17th Floor |

## I. INTRODUCTION.

Ignoring recent decisions from District Courts that have decided the exact issues now before this Court and attempting to recast the harm suffered by Plaintiffs as something other than an infringement on their speech rights, Lowe's Opposition to Plaintiffs' Motion to Remand fails in all ways to establish the necessary grounds to support Article III jurisdiction. Strikingly, there now exist **three** District Court Orders that have decisively remanded these cases to state court based on the same factual backdrop presented in this case. Yet, Lowe's audaciously deems Plaintiffs' Motion as "nonsense."

Indeed, Judge Chesney of this Court remanded a nearly identical action under California Civil Code section 1670.8 just two months ago. In their futile attempt to distinguish that case (*Pulbrook*), Lowe's conspicuously omits any reference to the other two District Court Orders that thoroughly analyzed the standing issues presented by the instant motion and determined that no subject matter jurisdiction exists for federal courts to hear these state court claims that arise from an infringement of consumer speech rights. Lowe's omission of these cases is telling and underscores the lack of merit in Lowe's arguments.

Lowe's presents two primary arguments against Plaintiffs' Motion to Remand ("Motion"). First, Lowe's claims that its removal was proper because it complied with all CAFA requirements and purportedly demonstrated Article III standing by referencing allegations in Plaintiffs' original Complaint, which Lowe's claims support sufficient concrete injuries. Secondly, Lowe's insists that Plaintiffs' First Amended Complaint ("FAC") also contains sufficient allegations to show a concrete injury that confers Article III standing. Lowe's CAFA argument entirely misses the point: Plaintiffs do not assert a procedural challenge to Lowe's removal; rather, this Court and all parties are under a continuing obligation to consider the Court's subject matter jurisdiction and can raise such a challenge at any time. This is precisely what this Court did in the *Pulbrook* case when it considered its subject matter jurisdiction

*sua sponte* while a defense Motion to Dismiss was pending. Regarding its second argument, Lowe's attempts to distort the allegations in the FAC, but Lowe's cannot avoid the binding precedent that details when an allegation of speech infringement rises to the level to confer subject matter jurisdiction. Lowe's also cannot avoid the fact that Plaintiffs here assert (and the statute confers) a remedy for civil penalties, not damages, which are designed to punish defendants' wrongdoing, irrespective of any harm to plaintiffs.

Lowe's selective and misleading approach only underscores the strength and validity of Plaintiffs' Motion for Remand. The Court should grant Plaintiffs' Motion for Remand to California state court, where this case properly belongs.

## II. ARGUMENT

### A. Defendants' Fail to Meet Their Burden to Demonstrate Subject Matter Jurisdiction in Federal Court.

At the outset of Lowe's Opposition Brief ("Opp."), it misleading asserts that "this [Plaintiffs' action] is not a speech restriction case, but one alleging that Defendants' purportedly unlawful contract provision caused them and similarly situated Californians actual harm. (Opp. at 3:23-24). By attempting to reframe Plaintiffs' claims under Section 1670.8, Lowe's argues that Plaintiffs face a "realistic danger" of sustained and imminent injury due to Defendants' alleged violation of Section 1670.8. (Opp. at 4:16-19). However, Lowe's argument stretches credibility and directly contradicts several other District Court Orders—and Ninth Circuit precedent—that state otherwise.[1]

---

[1] As set forth in Plaintiffs' Motion to Remand, Lowe's should also be judicially estopped from making this claim, since the primary basis for Lowe's pending Motion to Dismiss is that Plaintiffs' First Amended Complaint fails to allege that Lowe's threatened to enforce the unlawful provisions of their Terms of Service. See Dkt. No. 32 at 7:13-8:28 ("The FAC fails to allege facts showing that Defendants attempted to enforce or threatened to enforce the Terms. Plaintiffs do not allege that Defendants threatened to enforce anything, or sought to enforce anything, relating to the allegedly violative provisions, whether against them or

All three District Courts that have analyzed Lowe's argument that Section 1670.8 claims are not speech restriction claims have found it unpersuasive. In *Maldonado v BPS Direct LLC,* for example, the Central District of California reasoned that the "**Yelp Law concerns free speech rights** that are analogous to rights traditionally protected under the First Amendment's speech clause, U.S. Const. Amend. I, and therefore the relaxed First Amendment Article III standing requirements similarly apply here. See, Dkt. No. 34, Exhibit A at page 4 (emphasis added)[2]; s*ee also,* Dkt. No. 28, Exhibit A (*Pulbrook v. Nationwide Mut. Ins. Co.*, No. 24-cv-00469-MMC, (N.D. Cal. May 22, 2024) (Order Remanding Case to State Court) ("Although the claim in the instant case is brought under a California statute rather than the First Amendment, both parties have relied on First Amendment cases ... and the Court finds such cases provide the most analogous authority.")[3] Additionally, in a decision issued just over one week ago, the Central District of California in *O'Donnell v. Crocs Retail, LLC et al.,* No. 2:24-cv-02726-SVW-PD, (C.D. Cal. August 15, 2024) (Order Remanding Section 1670.8 Case to State Court) reached a similar conclusion upon analyzing Plaintiffs' claims under Section 1670.8. That Court held that "[w]hile this case arises under California law, "both history and legislative actions support the view **that Cal. Civ. Code § 1670.8 concerns a free speech right** that is analogous to, or has a 'close relationship' with, rights traditionally protected under the First Amendment and the corresponding provisions in the California Constitution.") [*O'Donnell* at p. 6] This is not a close call. There is simply no support for Lowe's position that the claims alleged in the FAC are not free speech rights. Like every other Court

anyone else."). **Lowe's must not be permitted to now argue the exact opposite position when it believes it is necessary to avoid remand**.

---

[2] The *Maldonado* Order is attached to Plaintiffs' Notice of Supplemental Authority, filed on August 9, 2024 (Dkt. No. 34)

[3] The *Pulbrook* Order is attached to Plaintiffs' Notice of Supplemental Authority, filed on June 3, 2024 (Dkt. No. 28)

that has considered this issue, this Court should evaluate Article III standing under the same standard applied when evaluating a claim under the First Amendment. When applying that standard, this case must be remanded to state court.

Moreover, despite Lowe's cherry picking, Plaintiffs' FAC contains numerous allegations describing how their Section 1670.8 claims involve restrictions of their speech rights. For instance, Plaintiffs' FAC alleges that "[i]n 2014, the California Legislature enacted Section 1670.8, recognizing the importance of free consumer speech, and the abuses that consumer-facing corporations imposed to censor such speech. Section 1670.8 was passed to protect California consumers' right to speak—and, importantly, the California public right to hear such speech. Since its enactment in 2014, all businesses in California have been on notice for years that all such efforts to silence consumer speech must be removed from consumer contracts or proposed contracts. Rather than comply, the defiant companies like Defendants continue to include such illegal speech-censoring provisions in their Terms of Service. Plaintiffs in this action, on behalf of themselves and similarly-situated California consumers, seek to defend and enforce these rights afforded by the California Legislature through Section 1670.8, and **hold Defendants accountable for their speech-chilling activities**." See, FAC ¶ 5 (emphasis added). Furthermore, Plaintiffs allege that "Defendants' conduct is unlawful, including among other reasons, because it is **aimed to stifle California consumers' right to free speech**, and the right of the California public to hear lawful discourse. See, FAC ¶ 12 (emphasis added). Thus, from just these few examples alone, it is clear Plaintiffs' Section 1670.8 claims—as alleged—are claims arising from infringement on Plaintiffs' speech rights, and Lowe's arguments to the contrary are simply untrue.

Applying the proper standard as set forth above, courts within the Ninth Circuit have created a clear standard for when allegations of speech infringement are

sufficient to confer subject matter jurisdiction to a federal court. To have standing to bring a claim in federal court, Plaintiffs must show: (1) an "injury in fact," (2) "causation," and (3) "a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To meet the first element of Article III standing, a Plaintiff must allege an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (citing *Lujan*, 504 U.S. at 560-61). "Only those plaintiffs who **have been *concretely harmed*** by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis added). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. **Article III standing requires a concrete injury even in the context of a statutory violation**." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). (emphasis added).

In cases that implicate the freedom of speech, such as the case here, the requirements for alleging a "concrete injury" are relaxed. In such cases, an injury in fact may be shown "by 'demonstrat[ing] a **realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement**.'" *Lopez*, 630 F.3d at 785 (quoting *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). (emphasis added). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of **specific present objective harm or a threat of specific future harm**[.]" *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). (emphasis added).

Unable to meet this standard, Lowe's attempts to create an illusion of Article III subject matter jurisdiction by twisting Plaintiffs' FAC to claim it alleges more than just "a potential chilling of consumer speech, but instead concrete harm as a result of Defendants' alleged violation of Section 1670.8." Opp. at 4:26-27. However, faced with nearly identical pleadings as the FAC, the Courts who have

considered this issue have ruled against Lowe's position every time.

***Plaintiffs' Section 1670.8 Claims are Similar to Those in Maldonado:*** In *Maldonado,* the Court reasoned that there were no "allegations that establish a concrete injury that *they* [Plaintiffs] suffered because of [Bass Pro's Terms of Use]." See, Dkt. No. 34, Ex. A, pp. 5-6.]. After diligently analyzing the law and facts like those presented here, the *Maldonado* Court held that no evidence was presented to demonstrate any "*concrete injury*, even under the more flexible standing requirements for speech-related cases." *Id.* Accordingly, the *Maldonado* Court remanded the action to state court. *Id.* Lowe's does not and cannot distinguish the *Maldonado* Order, and the same result is mandated in this case—remand to state court.

***Plaintiffs' Section 1670.8 Claims are Similar to Those in O'Donnell*:** In *O'Donnell*, the Court granted Plaintiffs' Motion to Remand based on a similar legal analysis regarding subject matter jurisdiction. The *O'Donnell* case also involves class action allegations arising from violations of Section 1670.8—the precise statute at issue in this case. The Plaintiffs in *O'Donnell* brought suit against Crocs for Terms of Use that Plaintiffs alleged violated provisions of Section 1670.8. After analyzing the District Court decisions in *Pulbrook* and *Maldonado*, the Court held that the same issues that precluded Article III jurisdiction in those cases were present in *O'Donnell*. See, *O'Donnell* at p. 7. Again, Lowe's does not and cannot distinguish the *O'Donnell* Order, and the same result is mandated in this case—remand to state court.

***Plaintiffs' Section 1670.8 Claims are Similar to Those in Pulbrook:*** Finally, Lowe's painstakingly attempts to differentiate this Court's analysis in *Pulbrook* from the instant case. Lowe's attempts are futile and fall short. In *Pulbrook,* the Court held that "there is nothing in the record before the court to support a finding that plaintiffs have suffered, or are in danger of suffering, a concrete injury sufficient to confer Article III standing." [See, *Pulbrook Order,* p. 4]. Despite Lowe's arguments, it failed to produce *any* facts or evidence to differentiate *Pulbrook, Maldonado,* or *O'Donnell*

from this case, and that is because it can't. All three District Court Orders cited above concerned the same statute (Section 1670.8) with nearly identical allegations claiming that a particular company's Terms—whether it be Nationwide, Bass Pro, Crocs, or Lowe's— violated Section 1670.8. All of these cases belong in state court.

### B. Defendant's Removal Notice Was Improper and Failed to Establish Article III Standing.

As described above, Lowe's has not (and cannot) demonstrated subject matter jurisdiction under Article III. Similar to the removal papers in *Pulbrook, Maldonado*, and *O'Donnell,* Lowe's Notice of Removal fails to meet its burden to establish subject matter jurisdiction in this court. As noted in Plaintiffs' moving papers, Lowe's, as the removing party, must establish in their Notice of Removal facts to overcome the strong presumption against removal, given the federal courts' limited jurisdiction. Lowe's failed to identify any specific facts in its Opposition Brief or otherwise to meet this burden. Accordingly, Lowe's is left with a notice of removal that does not articulate any facts that establish standing under Article III sufficient for this Court to adjudicate this dispute. Rather, as the other District Courts have found three times over, there is no subject-matter jurisdiction here, and the matter must be remanded to state court.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this court remand this action back to the state court.

Dated: August 27, 2024                                    SINGLETON SCHREIBER, LLP


By: */s/ Christopher R. Rodriguez*
Christopher R. Rodriguez
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Christopher R. Rodriguez, hereby certify that on August 27, 2024, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ *Christopher R. Rodriguez*
Christopher R. Rodriguez