UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| OMAR MASRY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LOWE'S COMPANIES, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-00750-CRB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**<br><br>Docket Nos. 32, 33. |
|---|---|

## I. INTRODUCTION

This is a class action lawsuit regarding an alleged non-disparagement clause in the terms of use of Lowe's website, Lowes.com. Before the Court are two motions: a motion to remand and a motion to dismiss. Plaintiffs Omar Masry and Elliot Mass, on behalf of themselves and others similarly situated, ("Plaintiffs") move to remand this action to state court. Docket No. 33. Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Defendants") move to dismiss Plaintiffs' first amended complaint. Docket No. 32. Under Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition on the pleadings. For the following reasons, the Court GRANTS Plaintiffs' motion to remand and DENIES AS MOOT Defendants' motion to dismiss.

## II. BACKGROUND

On November 21, 2023, Plaintiffs filed this class action lawsuit against Defendants in state court. Notice of Removal, Ex. 1 (Compl.), Docket No. 1-1. On February 7, 2024, Defendants removed this case to federal court. Docket No. 1. On July 19, 2024, Plaintiffs amended their

1  complaint. First Am. Compl. ("FAC"), Docket No. 31. On August 2, 2024, Defendants filed a
2  motion to dismiss Plaintiffs' FAC. Docket No. 32. Four days later, Plaintiffs filed a motion to
3  remand this case to state court. Docket No. 33.

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," "possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish standing under Article III of the Constitution, Plaintiffs must establish the following elements:

1. "The plaintiff must have suffered an injury in fact" that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical,"
2. "There must be a causal connection between the injury and the conduct complained of," and
3. "It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### IV.   DISCUSSION

Plaintiffs lack Article III standing because they fail to establish an injury in fact. To establish standing under Article III, Plaintiffs must establish that they have "suffered an injury in fact," that is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Id.*

In their FAC, Plaintiffs allege that a clause in the terms of use ("Terms") of Lowes's website violates California Civil Code Sections 1670.8(a)(1) and 1670.8(a)(2). Plaintiffs take issue with the following alleged provision of Lowe's Terms:

> You agree that any User Content that you share, publish or authorize us to Use:….does not defame, misrepresent or contain disparaging remarks about Lowe's Organization or its products, or other people, products, services, or companies.

Docket No. 31-1 at 8.

The relevant portion of Section 1670.8 states:
(a)(1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the

2

>           **consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services.
>
>           (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise **penalize a consumer for making any statement** protected under this section.

Cal. Civ. Code § 1670.8 (emphasis added).

As four California district courts have recently held, Section 1670.8 "'concerns a free speech right that is analogous to, or has a close relationship with, rights traditionally protected under the First Amendment and the corresponding provisions in the California Constitution.'" *O'Donnell v. Crocs Retail, LLC*, No. 2:24-CV-02726-SVW-PD, 2024 WL 3834704, at *3 (C.D. Cal. Aug. 15, 2024) (quoting *Sweeney v. Paramount Glob.*, No. LA CV24-00708-JAK (RAOx), 2024 U.S. Dist. LEXIS 129148, at *9 (C.D. Cal. July 19, 2024)); *see Pulbrook v. Nationwide Mut. Ins. Co.,* No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024); *see Maldonado v. BPS Direct LLC*, No. 2:24-cv-00098-MRA-MAR, 2024 U.S. Dist. LEXIS 142247, at *9 (C.D. Cal. Aug. 9, 2024).

Cases implicating the First Amendment right to free speech face a "relaxed standing analysis." *Canatella v. California*, 304 F.3d 843, 853 n. 11 (9th Cir. 2002). However, "[e]ven in the First Amendment context, a plaintiff must show a credible threat of enforcement." *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018). To determine whether Plaintiffs face a credible threat in the pre-enforcement context, the Court evaluates: "1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Id.* at 1171–72 (quoting *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)).

Similar to the *O'Donnell, Pulbrook, Sweeney*, and *Maldonado* courts, the Court evaluates whether Plaintiffs' FAC contains any factual allegations that "Plaintiffs violated or intended to violate the Terms," "that Plaintiffs are self-censoring in fear of violating the Terms," or "that Defendant[s] sought to enforce the Terms." *O'Donnell*, 2024 WL 3834704, at *4. It does not.

First, there are no factual allegations that Plaintiffs have made or intend to make statements that would violate the Terms.

Second, there are no factual allegations that Plaintiffs are engaging in self-censorship out of fear of violating the Terms. Plaintiffs allege that "Defendants' conduct…aim[s] to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse." Docket No. 31 at 9. Yet, Plaintiffs offer no factual allegations demonstrating such stifling, whether self-imposed by Plaintiffs or otherwise.

Third, there are no factual allegations that Lowe's evinced an intent to take action against Plaintiffs concerning an alleged violation of the Terms. Plaintiffs state that "threats of enforcement…are alleged to have been made in this case." Docket No. 31 at 7. However, Plaintiffs offer no facts to support this statement. For example, Plaintiffs state that "Lowe's…threatens to suspend or terminate any user's right to use" Lowe's websites. *Id.* at 8. But Plaintiffs offer no facts regarding *actual* threats made by Lowe's to Plaintiffs regarding suspensions or terminations of their rights to use Lowe's websites. In other words, Plaintiffs offer no factual allegations regarding "Defendants' efforts to silence their customers and prospective customers." *Id.* at 9.

As a result, Plaintiffs fail to "show a credible threat of enforcement." *Italian Colors,* 878 F.3d at 1171. Therefore, Plaintiffs do not establish an injury in fact, necessary to establish Article III standing. *Lujan*, 504 U.S. at 561.

### V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand and **DENIES AS MOOT** Defendants' motion to dismiss. The Court **REMANDS** this case to California state court and **VACATES** all upcoming hearings and deadlines before this Court.

**IT IS SO ORDERED**.

Dated: November 7, 2024

CHARLES R. BREYER
United States District Judge

4